No. 102.—EDWARD WHITE, plaintiff in error, *vs.* HENRY
AULT, defendant.

[1.] A being indebted to B, and C to A, they get together and agree that B
shall surrender up A's note and take C's in its place—A, at the same time,
cancelling his claim against C for the same amount.   A and C both give a
mortgage to B, to secure the note from C to B: *Held*, that this constitutes
A a security only to B for C; and further, that if B give time to C, of pay-
ment, without the consent of A, either express or implied, A is discharged.

[2.] An agreement by one person to let another retain the rent accruing an-
nually on real estate, to indemnify the occupant against usurious interest,
which he pays to a third person, is void.

In Equity, in Whitfield Superior Court.   Tried before
Judge TRIPPE, October Term, 1855.

Edward White filed his bill against Henry Ault, setting
forth, that he had been indebted to the said Ault the sum of
$1649$\frac{46}{100}$; that one Charles A. Stafford, at the same time,
was indebted to complainant the sum of $2100; that the
parties agreed together that Stafford should give Ault his
notes in lieu of those of complainant, which was done; that
Stafford executed to said Ault, to secure said notes, a mort-
gage on real estate, which Ault neglected to have recorded;
that complainant also executed to Ault a deed to certain lots,
Nos. 53 and 55, on Thornton Avenue in Dalton, on one of
which was a house worth one hundred dollars a year for rent;
that this deed was intended as an equitable mortgage, to se-
cure said notes of Stafford, which was evidenced by a written
memorandum taken from Ault at the time.   These things
were all done in September, 1848 ; that Ault took possession
of said house, and occupied the same by his tenants; that
two of the three notes given by Stafford, were sued upon by
Ault; and that in November, 1849, it was agreed between
Ault and Stafford, without the consent of complainant, that
if Stafford would withdraw certain pleas that he had filed,
that execution on the judgments should be stayed for a spe-

cified time. The bill also charged that Stafford died, and that Ault suffered his estate to be paid out to inferior claims, and made other charges of fraudulent conduct in relation to said estate.

The bill sought to have the deed to said lots on Thornton Avenue delivered up, and Ault decreed to pay rent for the same. The bill also charged, that at the time of the exchange of notes in 1848, as before stated, that Ault represented to complainant, that in consequence of his (complainant's) failure to pay his said indebtedness, he, Ault, had been compelled to borrow money at usurious interest; and to indemnify him for the loss thus sustained, complainant had. made him a deed to another lot on Thornton Avenue.

This deed complainant prayed might be delivered up, as founded on usurious consideration. Other points were made by the bill, not necessary for the elucidation of the decision of this Court. The answer of defendant denied the alleged consideration for the last named lot, but stated that it was given for other indebtedness of White to him. The agreement with Stafford was admitted to have been without notice to complainant.

The answer stated that it was agreed that defendant should have the rents of the house on Thornton Avenue, for the purpose of re-imbursing him for the interest he had to pay above legal, in consequence of not receiving the cash from complainant. The Court charged the Jury, on the trial, that the facts did not constitute White a security to Stafford, and that he was not relieved by said agreement, unless he was injured by the delay or neglect of defendant; that if it was agreed that the rents of the house were to be retained by Ault to indemnify him for the usurious interest he would have to pay or had paid, that White was bound by that agreement.

And on these decisions error is assigned, the Jury having, found for defendant, and complainant excepting.

WALKER, for plaintiff in error.

SHROPSHIRE; GORDON, for defendant.

*By the Court.*—LUMPKIN, J. delivering the opinion.

[1.] What relation did White sustain to the debt from Stafford to Ault, after the substitution was made? We think there can be no doubt that it was that of guarantor or security only—not security even for the whole debt, but to the extent of the property which he mortgaged to secure it.

True, he was the original and principal debtor to Ault, as Stafford was to him. But the parties get together and agree that there shall be a transposition of these liabilities; that Ault shall surrender up his demand on White—White his on Stafford, and that Ault shall take the notes of Stafford, secured by a mortgage from Stafford on the Cherokee House,. and by a mortgage from White on the house and lot owned by him on Thornton Avenue. And there was an exchange,. cancellation and execution of papers accordingly; consequently, we hold upon this branch of the case, that the question of *release* did properly arise between White and Ault,. growing out of the agreement by Ault, on the 24th of December, 1849, to give further time of payment to Stafford on the mortgage debt.

And further, it is the opinion of this Court, that if time of payment was given by Ault to Stafford, beyond that specified in the notes, without the consent of White, either express or implied, so that Ault himself could not coerce payment within that period, nor be compelled to do so by White the security, nor the security himself do so, by paying up the debt and getting the control, that the surety is absolutely discharged. (2 *Hare & Wallace's Amer. Lead. Cases*, 159, 160.)

[2.] Further, we hold, that it was error in the Court to instruct the Jury, that the rent accruing on the house and lot on Thornton Avenue, might be retained and appropriated by Ault to re-imburse himself in usurious interest, which he might have to pay on borrowed money. Had White made a

contract to that effect, it would not have been binding; for an agreement to indemnify another against a violation of the law, must be void.

We express no opinion as to that part of the case which refers to the sale of Stafford's property, for the reason, that the facts connected with this whole transaction are too vaguely and indefinitely set forth in the record, to enable us to form a satisfactory opinion. For instance, we are ignorant as to the date of Bryant's mortgage, when it was foreclosed, whether before or after Stafford executed the mortgage to Ault. We know not the date of Blount's judgment; the bill of exceptions does not show whether the Cherokee House and the personal and perishable property of Stafford was sold under any one or more or all of these outstanding liens against Stafford or his property. The liability of Ault, the purchaser, to account with White, the security, concerning this property, may depend somewhat, if not altogether, upon a clear understanding of some one or more of these facts.